Argued and submitted October 22, 2007, reversed and remanded January 30, 2008

In the Matter of R. S.,
a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF LANE COUNTY,
*Respondent,*

*v.*

G. W.,
*Appellant.*

Lane County Circuit Court
07014J; Petition Number 07014J01; A135991

177 P3d 24

James J. Spindor argued the cause and filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Michael C. Livingston, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

BREWER, C. J.

## BREWER, C. J.

This is a blended proceeding in which the trial court established dependency jurisdiction over child and both parents after having denied father's motion for a judgment of nonpaternity under Oregon Laws 2005, chapter 160, section 9, and for dismissal as to father.[1] The trial court denied father's motion on the ground that, under ORS 109.070(1)(a) (2001), he was conclusively presumed to be the father of child, and the 2005 legislation did not authorize the court to disestablish his paternity. Father appeals, and we reverse and remand.

Child was born on April 24, 2002. At the time of child's birth, mother and father were married but were no longer living together. However, mother and father were cohabiting at the time child was conceived. In January 2007, the Department of Human Services (DHS) filed a petition seeking to establish juvenile court dependency jurisdiction over child and both parents. Mother admitted certain allegations of the petition, and the court took jurisdiction over her and child. On March 27, father filed a motion for a judgment of nonpaternity and dismissal based on Oregon Laws 2005, chapter 160, section 9. Among other assertions, father stated in an affidavit supporting the motion that he had never had a relationship with child and that a DNA report issued in March 2007 showed a zero percent probability that he was child's biological parent. However, father did not assert that he was sterile or impotent at the time child was conceived.

Mother objected to father's motion on several grounds, and the court held a hearing. Child's attorney and the attorney for DHS appeared at the hearing but took no position on father's motion. Over mother's objection, the trial court determined that, even though child was born in Washington, Oregon law applied to the issue before the court.[2] However, the court concluded that the law in effect at the time of child's birth, ORS 109.070 (2001), not the 2005 legislation, was controlling and that, under the 2001 version

---

[1] The trial court was authorized to determine child's paternity in the context of this dependency proceeding pursuant to ORS 419B.395.

[2] That aspect of the trial court's decision is not before us on appeal.

of the statute, father was conclusively presumed to be child's biological parent. As a consequence, the court did not address father's motion on its evidentiary merits, nor did the court address mother's additional argument that father was precluded by laches from challenging his paternity because he had failed to avail himself of an earlier opportunity to do so in 2003. Father appeals from the judgment denying his motion.[3]

Father's appeal presents an issue of statutory construction involving the interaction of several statutes, including different versions of some of those statutes. At the time of child's birth, ORS 109.070 (2001) provided, in part:

"(1)   The paternity of a person may be established as follows:

"(a)   The child of a wife cohabiting with her husband who was not impotent or sterile at the time of the conception of the child shall be conclusively presumed to be the child of her husband, whether or not the marriage of the husband and wife may be void."

By contrast, ORS 109.070(1)(b) (2001) provided a "disputable presumption" that a husband is the father of a child when the "child [is] born in wedlock, there being no decree of separation from bed or board, * * * whether or not the marriage of the husband and wife may be void."

In 2005, the legislature enacted Oregon Laws 2005, chapter 160, which became effective on January 1, 2006. Section 9 of that chapter provides, in part:

"(1)   As used in this section, 'legal father' includes a man whose paternity has been established under ORS 109.070(1) and a man who has been ordered to pay child support.

"(2)   After paternity has been established under ORS 109.070(1), if no blood tests, as defined in ORS 109.251, were performed to establish paternity, the mother or the legal father may petition the court to reopen the issue of paternity. The petitioner:

---

[3] Although mother's and child's trial counsel were served with father's notice of appeal, neither mother nor child has appeared on appeal.

"(a)   Must file the petition within two years after a voluntary acknowledgment of paternity is filed with the State Registrar of the Center for Health Statistics;

"(b)   Must file the petition within two years after paternity is established as a result of a default order or a default judgment that is no longer subject to appeal; or

"(c)   May file the petition at any time if the legal father is the presumed father under ORS 109.070.

"(3)   The petition must contain:

"(a)   An affidavit executed by the petitioner stating that the petitioner has discovered new evidence since paternity was established or that the legal father is the presumed father and the petitioner has not had an opportunity to challenge the paternity; and

"(b)   the results of blood tests, administered within 90 days before the petition is filed, that show a zero percent probability that the legal father is the biological father of the child."

In addition, subsection (7) of section 9 provides that, in a proceeding initiated by a petition filed in accordance with subsections (2) and (3), "[t]he court shall make a determination of nonpaternity if * * *, based on all the evidence as provided in ORS 109.258," the court makes the findings specified in subsection (7)(a) - (g).[4] Under section 10, section 9 "is repealed on January 2, 2008."

---

[4] Subsection (7) provides:

"The court shall make a determination of nonpaternity if the court finds, based on all the evidence as provided in ORS 109.258, that:

"(a) The blood tests were properly conducted and documented;

"(b) The legal father is not the biological father of the child;

"(c) The legal father has not adopted the child;

"(d) The child was not conceived by artificial insemination while the legal father and the mother were married;

"(e) The petitioner has not acted to prevent the biological father from asserting his parental rights;

"(f) The petitioner, with knowledge that the legal father is not the biological father, has not:

"(A) Taken any action to affirm the legal father's parentage of the child; and

"(B) Failed to respond to a judicial or administrative proceeding to establish paternity after receipt of proper notice and an opportunity to be heard; and

Section 11 of chapter 160, which also became effective on January 1, 2006, amended ORS 109.070(1) by deleting the conclusive-presumption-of-paternity provision of ORS 109.070(1)(a) (2001) and renumbering, but leaving in effect, the disputable-presumption-of-paternity provision of ORS 109.070(1)(b) (2001). As a consequence of section 11, ORS 109.070 (2005) provided, in part:

"(1)   The paternity of a person may be established as follows:

"(a)   A child born in wedlock, there being no judgment of separation from bed or board, is presumed to be the child of the mother's husband, whether or not the marriage of the husband and wife may be void. This is a disputable presumption."

However, section 17 of chapter 160 amended "ORS 109.070, as amended by section 11," by restoring the conclusive-presumption-of-paternity provision of the 2001 version of that statute. Under section 23 of chapter 160, the section 17 amendments were to become "operative on January 2, 2008," that is, the same day on which section 9 was repealed.[5]

---

"(g)   In the absence of fraud, granting the petition would not cause undue harm to the child."

Subsection (8) of section 9 contains additional proof requirements that are not pertinent here.

[5] In fact, section 17 itself was effectively repealed before it could take effect by Oregon Laws 2007, chapter 454, section 1, which further amends ORS 109.070, effective January 1, 2008, to provide, in part:

"(1)   The paternity of a person may be established as follows:

"(a)   A man is rebuttably presumed to be the father of a child born to a woman if he and the woman were married to each other at the time of the child's birth, without a judgment of separation, regardless of whether the marriage is void."

The Oregon Law Commission drafted and developed the 2007 amendment. Although not at issue here, the rationale for the complex evolution of ORS 109.070(1)(a) is best explained in the report of the Commission's "Uniform Parentage Act Work Group." The 2007 amendment to ORS 109.070 reflected the Commission's view that "given the availability of relatively inexpensive, reliable genetic testing, the absolute rule that a husband is father of his wife's children no longer expresses sound public policy and that only the rebuttable presumption should continue to be part of Oregon law." *Biennial Report of the Oregon Law Commission, 2005-2007*, 85. The Commission explained:

"The 2005 legislature amended SB 234, the bill regarding paternity in juvenile court that was developed by the OLC, to include changes regarding paternity disestablishment. These changes are effective only through

The text and context of Oregon Laws 2005, chapter 160, section 9, demonstrate a legislative intent to afford relief under that section to a "legal father" for purposes of ORS 109.070(1) without regard to whether the child was born before the effective date of section 9 or whether paternity was established by the statutory presumptions in effect before that date. For example, section 9 provides that "the legal father may petition the court to reopen the issue of paternity" and that a person who is the "legal father" because he is the "presumed" father "under ORS 109.070" "[m]ay file the petition at any time." In addition, section 9 does not distinguish between men who are "presumed father[s]" by operation of the statutory disputable presumption and those who are "presumed father[s]" by operation of the statutory conclusive presumption. Furthermore, unlike section 17, section 9 does not specify that the references in section 9 to "ORS 109.070" or "ORS 109.070(1)" mean those provisions, "as amended by section 11." Finally, if section 9 were intended to apply only to men who became "presumed father[s]" after the effective date of the 2005 legislation, its provisions would be redundant in significant part. That is so because section 11—which eliminated the conclusive presumption of paternity under subsection (1)(a) of ORS 109.070 and retained the disputable presumption of paternity under subsection (1)(b)—was in effect for the same period of time that section 9 was in effect, that is, from January 1, 2006 until January 2, 2008.

The trial court ruled that, notwithstanding section 9, father could not seek to reopen the issue of paternity of child, who was born in 2002, because "[ORS 109.070(1)(a) (2001)]

January 2, 2008, because the legislature knew that this work group was going to reexamine the issues. The work group considered simply recommending that the changes be made permanent but decided to rethink the issues instead."

*Id.* at 91-92. And the Commission did rethink the requirements for rebuttal of the presumption of paternity. Effective January 1, 2008, ORS 109.070(3) provides that, "[i]f the court finds that it is just and equitable, giving consideration to the interests of the parties and the child, the court shall admit evidence offered to rebut the presumption of paternity in subsection (1)(a) or (b) of this section." Subsection (7) of chapter 454, section 9, provides additional proof requirements for vacating or setting aside a "paternity determination of [a] paternity judgment," and section 10 provides that "[s]ection 9 of this 2007 Act applies to all paternity judgments, as defined in section 9 of this 2007 Act, entered before, on or after the effective date of this 2007 Act."

operates as a conclusive presumption that [father] is the legal father of this child[.]" However, as noted, subsection (2) of section 9 expressly provides that, "after paternity has been established under ORS 109.070(1), if no blood tests, as defined in ORS 109.251, were performed to establish paternity, * * * the legal father may petition the court to reopen the issue of paternity," and, "if the legal father is the presumed father under ORS 109.070," he "[m]ay file the petition at any time."

Father is the "presumed [legal] father" of the child by operation of either the presumption established by ORS 109.070(1)(a) (2001) or the presumption established by ORS 109.070(1)(a) (2005), no blood tests previously were performed to establish paternity, he timely filed a motion to reopen the issue of paternity, and the juvenile court had authority under ORS 419B.395 to enter a judgment of nonpaternity. Accordingly, the trial court erred in denying father's motion for entry of a judgment of nonpaternity without first considering the merits of his request under section 9.[6]

Reversed and remanded.

---

[6] The trial court will have an opportunity to make any necessary factual determinations on remand. Because the parties have not addressed the issue, we do not consider whether those determinations are prescribed by section 9, 217 Or App at 516-17, or the 2007 amendments to ORS 109.070. 217 Or App at 518-19 n 5.